Glenn C. WERNER, Plaintiff,

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

Civ. No. 1399–53.

United States District Court, District of Columbia.

Feb. 9, 1955.

Royal R. Rommel, Washington, D. C., for plaintiff.

Clarence W. Moore, Asst. Solicitor, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action under Section 145 of Title 35 U.S.Code, which in turn is derived from Section 4915 of the Revised Statutes, to review a decision of the Commissioner of Patents, denying an application for a patent.

The application in question was filed by Glenn Werner on November 19, 1945, and bears Serial No. 629,518. It relates to flexible couplings of a kind used to connect motors and shafts or operating apparatus of various kinds. The crux of the invention consists of inserting in the center of the coupling a removable member or spool, and in placing on each side of the removable member a plate between the removable member and the remainder of the coupling. The purpose of the invention is to make it possible to make repairs or adjustments or realignments of the coupling with facility and make it unnecessary to stop the apparatus for long periods of time and possibly take it down for that purpose.

The Examiner denied the application on the basis of a patent to Lack, No. 1,947,052, issued on February 13, 1934, and a patent to Fast, No. 2,499,093, issued on February 28, 1950. Both the Lack and the Fast patents also relate to couplings intended to be used for the same purpose as the applicant's device. The Lack structure contains the plates such as are found in the applicant's device between the two sides of the coupling. The Fast structure contains a removable member in the center of the coupling. The Examiner, in effect, held

that it does not constitute invention to take the removable member of the Fast device and insert it into the Lack structure. His decision was sustained by the Board of Appeals.

Thus the step forward taken by the applicant is using a removable member in the center of his coupling, which was heretofore known, and placing between that removable member and the respective sides of the coupling two plates, one on each side of the removable member. The purpose of the plates is to make it possible to withdraw the member without, however, it resulting in the entire apparatus falling apart. The question is whether this step constitutes something that could be accomplished as a result of mechanical skill by a person reasonably skilled in the art, or whether it was a product of the inventive faculty. Both tribunals of the Patent Office took the former view.

■ It must be borne in mind that we are not dealing with a basic or pioneer invention but with one of those numerous applications for Letters Patent on one step forward or on an improvement on another device heretofore known and used. In dealing with an issue such as is presented in this case it is useful to bear in mind the classic discussion of Mr. Justice Bradley in the leading case of Atlantic Works v. Brady, 107 U.S. 192, 199–200, 2 S.Ct. 225, 231, 27 L.Ed. 438. That discussion is so eloquent and constructive that it is useful to quote from it at some length, and I quote:

"The process of development in manufactures creates a constant demand for new appliances, which the skill of ordinary head-workmen and engineers is generally adequate to devise, and which, indeed, are the natural and proper outgrowth of such development. Each step forward prepares the way for the next, and each is usually taken by spontaneous trials and attempts in a hundred different places. To grant a single party a monopoly of every slight advance made, except where the exercise of invention somewhat above ordinary mechanical or engineering skill is distinctly shown, is unjust in principle and injurious in its consequences.

"The design of the patent laws is to reward those who make some substantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts. Such inventors are worthy of all favor. It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention."

■ It is true that neither Fast nor Lack foresaw the potentialities of the devices that they designed. There may, perhaps, be no doubt that the applicant had a new idea, namely, combining the plates with the removable member in such a way that the removable member could be withdrawn without resulting in a disassembly of the entire apparatus. Patents, however, are granted on structures rather than on ideas under our patent law, and the mere fact that an inventor is unable to foresee the possibilities of the structure that he devises does not detract from its force and effect as prior art.

Perhaps one of the most striking illustrations of this principle is found in the case of Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 14, 54 S.Ct. 752, 78 L.Ed. 1453. That celebrated case involved the prolonged litigation between De Forest and Armstrong over the right to priority of invention of the so-called feed back radio circuit. The fact that De Forest's work was earlier than Armstrong's was not disputed. It was claimed, however, that De Forest's work should not receive full weight because he did not realize what the circuit that he accidentally hit upon could be used for and practically

laid it to one side. The Supreme Court held that this was immaterial and awarded the palm of victory to De Forest.

So here the component parts of the structure are found in the patents to Lack and Fast. The fact that they may not have fully realized the potentialities and possibilities to which these various structural parts could be put and for which they could be used and that this applicant carried their ideas one step forward does not detract from the force and effect of these two patents as prior art. The Court agrees with the two tribunals of the Patent Office that the one step taken by the applicant is a product of mechanical skill by a person reasonably skilled in the art rather than the result of the inventive faculty. For this reason, the decision of the Commission will be sustained and the complaint will be dismissed on the merits. The Court's decision, in accordance with Rule 52(a), Fed.Rules Civ.Proc. 28 U.S. C.A. may stand as the findings of fact and conclusions of law and no further findings will be necessary.